UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

HARRISON J. EDWARDS,      Civil Action No.

          Plaintiff,      13-CV-0034 (SJF ) (GRB)

-against-

THE INCORPORATED VILLAGE OF FREEPORT,   **PLAINTIFF'S AFFIDAVIT**
ANDREW HARDWICK, in his official capacity as Mayor   **IN RESPONSE TO ORDER**
of the Incorporated Village of Freeport and individually,   **TO SHOW CAUSE**
HOWARD COLTON, individually and in his official
capacity as Village Attorney for the Incorporated Village of
Freeport, DENNIS WARREN, individually, "JOHN DOE
#1", "JOHN DOE #2", JOHN DOE "3", "JANE DOE #1",
and "JANE DOE #2".

          Defendants.

-------------------------------------------------------------x

STATE OF NEW YORK  )
COUNTY OF NASSAU  )   *ss.:*

**HARRISON J. EDWARDS,** being duly sworn, deposes and says:

1. I am the Plaintiff in this action. I submit this affidavit in response to the Court's Order to Show Cause, issued July 10, 2014.

2. On June 17, 2013, the Court stayed discovery proceedings pending disposition of motions for summary judgment pending before Hon. Denis Hurley in the matter entitled *William F. Glacken v. Incorporated Village of Freeport, et al.,* 09-CV-4832 (DRH)(AKT).

3. On May 8, 2014, Judge Hurley issued a Memorandum and Order disposing of the motions referenced in the Court's June 17, 2013 Order. In essence, Judge Hurley denied the motions insofar as they were aimed at Plaintiff Glacken's conspiracy and retaliation claims. Judge

Hurley gave Plaintiff Glacken until June 15, 2004 to submit to the Court proof of damages; if Plaintiff failed to produce such proof, the balance of the complaint would be dismissed. If, however, Plaintiff provided proofs to the Court, the complaint would stand as to the conspiracy and retaliation claims.

4. It is my understanding that Plaintiff Glacken submitted proofs to Judge Hurley and that the *Glacken* case is proceeding.

5. Defendants in the *Glacken* action then moved to reargue Judge Hurley's June 6, 2014 Memorandum and Order, seeking reconsideration and an order of dismissal of the balance of the *Glacken* complaint. On June 9, 2014, Judge Hurley denied Defendants' motion for reconsideration. The matter has been scheduled for a status conference before Magistrate Tomlinson on Wednesday, August 6, 2014.

6. The facts and allegations raised in my complaint arise from the same and/or similar incidents, for the most part, as those outlined in the *Glacken* complaint. The Defendants named in my case are the same Defendants named in the *Glacken* case.

7. In the appeals entitled *Lancaster v. Freeport, et al.* and *Edwards, Glacken v. Freeport*, the New York State Court of Appeals ruled on a portion of the First Amendment argument referenced in my complaint in this action. It does appear that a portion of my First Amendment claim against Freeport was resolved in favor of the Incorporated Village of Freeport by the Court of Appeals. However, there was no resolution of the retaliation, freedom of association or conspiracy claims in this action as none of those issues were before the New York State Court of Appeals.

8. Judge Hurley declined to dismiss the conspiracy claim and retaliation claim in the *Glacken* suit. Based on that ruling and that Court's subsequent Order denying Defendants' motion for reconsideration, there is no basis to dismiss this complaint.

9. Due to a scheduling error on my part, I missed the status conference scheduled for July 10, 2014 before this Court. I apologize to the Court and Defendants' counsel for the oversight on my part. Most assuredly, this oversight was unintentional and an error. However, I respectfully submit the oversight was not part of a pattern of delay on my part. This case has been, for the most part, on hold pending the outcome of the motions before Judge Hurley, which were only recently disposed of.

10. I have reviewed Judge Hurley's Memorandum and Order in both motion sequences and verily believe I have meritorious claims against the Defendants herein. The involuntary dismissal of this action pursuant to F.R.C.P. §41(b) is an extreme action, but is not warranted under the circumstances referenced in the Court's July 10, 2014 Order to Show Cause.

**WHEREFORE**, I respectfully request that the Court allow the action to continue pursuant to the Court's scheduling order of July 10, 2014.

_____
HARRISON J. EDWARDS

Sworn to before me this
11th day of August, 2014

_____
Notary Public, State of New York

DOROTHEA M. PINNEL
Notary Public, State of New York
No. 30-464084
Certified in Nassau County
Commission Expires April 30, 2018

3

TO:  L'ABBATE, BALKAN, COLAVITA & CONTINI, LLP
*Attorneys for Defendant*
DENNIS WARREN
1001 Franklin Avenue, 3rd Floor
Garden City, New York 11530
Att: Marie Ann Hennings

HARRIS BEACH PLLC
*Attorneys for Defendant*
INCORPORATED VILLAGE OF FREEPORT
The Omni
333 Earle Ovington Boulevard, Ste. 901
Uniondale, New York 11553
Att.: Keith M. Corbett

D'AMATO & LYNCH
*Attorneys for Defendants*
HARDWICK and COLTON
2 World Financial Center
New York, New York 10028
Att: Stephen F. Willig