UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HARRISON J. EDWARDS,

                      Plaintiff,

  - against -

THE INCORPORATED VILLAGE OF
FREEPORT, ANDREW HARDWICK, in his
official capacity as Mayor of the Incorporated
Village of Freeport and individually, HOWARD
COLTON, individually and in his official capacity
as Village Attorney for the Incorporated Village of
Freeport, DENNIS WARREN, individually, JOHN
DOE #1, JOHN DOE #2, JOHN DOE #3, JANE
DOE #1, and JANE DOE #2,

                      Defendants.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
13–CV–34 (JMA) (GRB)

**AZRACK, United States District Judge:**

      On January 3, 2013, *pro se* plaintiff, and practicing attorney, Harrison J. Edwards, commenced this action against the above named defendants. (Compl., ECF No. 1.) On May 21, 2013, defendant Incorporated Village of Freeport ("Village of Freeport") filed its answer and a counterclaim against plaintiff. (Answer, ECF No. 9.) On January 29, 2015, defendants Dennis Warren, Howard Colton, and Andrew Hardwick filed motions for summary judgment. (Mot. for Summ. J., ECF Nos. 37–38.) On February 2, 2015, defendant Warren filed a motion for sanctions against plaintiff. (Mot. for Sanctions, ECF No. 41.) Defendant Village of Freeport filed a motion to dismiss on February 4, 2015. (Mot. to Dismiss, ECF No. 44.) To date, plaintiff has not responded to any of those motions, nor has plaintiff filed an answer to the counterclaim filed against him.

      On May 19, 2015, the Court issued an order to show cause directing plaintiff to state why

1

his complaint should not be dismissed for failure to prosecute and warning him that failure to respond could result in the dismissal of the action, with prejudice, under Federal Rules of Civil Procedure Rule 41(b). (May 19 Order to Show Cause ("May 19 Order"), ECF No. 45.) To date, plaintiff has not responded to the Court's May 19 Order.[1]

A district court may *sua sponte* dismiss a suit for failure to prosecute. Le Sane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute must consider: (1) the duration of the plaintiff's failures; (2) whether the plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) the efficacy of lesser sanctions. U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004). No one factor is dispositive. Id.

The Court finds that dismissal of plaintiff's claims with prejudice, under Rule 41(b) and the Court's inherent authority, is warranted. Each of the relevant factors, analyzed below, weigh in favor of dismissal.

First, since plaintiff's last court appearance in October 2014 before Magistrate Judge Brown, plaintiff has done nothing to prosecute this case. Although four motions have been pending on the docket for at least five months, plaintiff did not respond to any of these motions. Plaintiff also failed to respond to the Court's May 19 Order. See Cain v. Simon & Schuster, No. 11–CV–4460, 2013 WL 1608620, at *3 (S.D.N.Y. Apr. 15, 2013) ("[F]ailure to prosecute for . . .

---

[1] This is not the first time that plaintiff has disregarded an order from the Court. On February 4, 2014, Judge Feuerstein ordered plaintiff to inform the Court, by February 7, 2014, whether he intended to proceed with this case. Plaintiff failed to respond to this directive. (See Defs.' May 9, 2014 Ltr., ECF No. 20.) Later, on July 10, 2014, plaintiff failed to attend a conference before Judge Feuerstein. This resulted in an order to show cause issued by Judge Feuerstein, which warned plaintiff that if he failed to respond, the case would be dismissed for failure to prosecute. (See July 10, 2014 Order to Show Cause, ECF No. 23.)

durations of five to eight months are usually sufficient. Factors such as the violation of court orders, failure to respond to motions, and failure to appear at scheduled conferences may be considered in determining what length of time is appropriate."). Plaintiff, who is a practicing attorney, has made no effort to contact the Court and has not shown any interest in prosecuting this case. Even though plaintiff is proceeding *pro se*, as an attorney, plaintiff is aware of how courts function and the significance of disregarding a court order. Cf. Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010) (finding that a lawyer representing himself does not receive the special consideration usually afforded to *pro se* litigants). Accordingly, the first factor weighs in favor of dismissal.

Second, plaintiff was warned that failure to prosecute this case would result in dismissal. To date, plaintiff has not responded to the Court's May 19 Order which put plaintiff on notice that failure to respond could result in dismissal of his claims with prejudice. This factor weighs in support of dismissal.

Third, "'[p]rejudice to defendants resulting from unreasonable delay may be presumed.'" Henry F. v. Woodlick, No. 13–CV–4261, 2014 WL 5878122, at *4 (E.D.N.Y. Nov. 12, 2014) (quoting Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982)). Here, plaintiff has failed to: (1) explain his delay; (2) respond to the pending motions and counterclaim; (3) prosecute this case for at least five months; and (4) comply with a Court order. Further, there is no evidence that any of the delay is attributable to defendants. Henry F., 2014 WL 5878122, at *4 (holding that prejudice to defendants resulting from unreasonable delay may be presumed where, among other things, plaintiff provided no explanation for the delay or attempted to rebut the presumption of prejudice, and nothing suggested that defendants contributed to the delay). This factor also weighs in support of dismissal.

Fourth, the Court has considered the balance between calendar congestion and plaintiff's right to an opportunity to be heard. Plaintiff had multiple opportunities to be heard, but failed to respond to the pending motions or the Court's May 19 Order. Moreover, "[i]t would be unfair to the numerous other litigants who await the attention of this Court to permit [his] suit to remain on the docket." Caussade v. United States, 293 F.R.D. 625, 631 (S.D.N.Y. 2013). This factor weighs, slightly, in favor of dismissal.

Fifth, the Court has considered the efficacy of sanctions less than dismissal with prejudice and has concluded that they are inadequate. "[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." Vanterpool v. Blackman, No. 12–CV–2961, 2013 WL 5973874, at *4 (E.D.N.Y. Nov. 5, 2013) (quoting S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 148 (2d Cir. 2010)). As discussed above, plaintiff, a practicing attorney, has had ample opportunity to prosecute this case. And, the May 19 Order expressly warned him that failure to respond to that order could result in a dismissal with prejudice. As an attorney, plaintiff should have understood the significance of the order to show cause and the consequence of dismissal.

Finally, the fact that defendants were able to speak to plaintiff's son about adjourning a February 4, 2015 conference before Magistrate Judge Brown is of no consequence. (See Mot. to Adjourn, ECF No. 42.) Plaintiff has done nothing to prosecute this case since this brief interaction with defense counsel. Given "the significant delays that have already occurred in this case, and plaintiff's apparent lack of interest in pursuing this litigation, the mere possibility that someone might be able to get a message through to plaintiff is not enough to justify prolonging

4

this case any further." Lopez v. Smurfit-Stone Container Enter., Inc., 289 F.R.D. 103, 105 (W.D.N.Y. 2013).

In light of the entire record, the Court hereby dismisses plaintiff's complaint, with prejudice, for failure to prosecute under Rule 41(b) and the Court's inherent authority. In light of this dismissal, defendants' motions for summary judgment and motion to dismiss are denied as moot.

Currently, the Village of Freeport's counterclaim and Defendant Warren's motion for sanctions are still pending before the Court. By July 20, 2015, those defendants shall inform the Court by letter filed on ECF whether they plan to still pursue the counterclaim and sanctions motion.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　/s/ (JMA)
　　　　　　　　　　　　　　　　　　　　　Joan M. Azrack
　　　　　　　　　　　　　　　　　　　　　United States District Judge

Date:　July 13, 2015
　　　　Central Islip, New York